UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE FRANKLIN KING, SR., ET AL,
    Plaintiff(s),

                                Case No. 98-74902

     v.

CITY OF EASTPOINTE, ET AL,           HON. JOHN CORBETT O'MEARA
                                  HON. STEVEN D. PEPE

    Defendant(s).

REPORT AND RECOMMENDATION

      Plaintiffs filed suit against the City of Eastpointe and its officers and agents alleging numerous civil rights violations and common law torts. On March 04, 2005, judgment was entered against Plaintiffs finding no cause of action. The Clerk taxed $7,590.45 against Plaintiffs, which Plaintiffs responded to with a timely motion to review. This motion was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(B)(1)(B). For the reasons stated below it is RECOMMENDED that the Plaintiff's motion be GRANTED IN PART and DENIED IN PART.

I.    FACTUAL BACKGROUND

      On September 22, 1998, Charlie King, Sr., Belinda King, Charlie King, Jr., Davon King, and Martez King ("Plaintiffs") filed a complaint in United States District Court for the Eastern District of Michigan against the City of Eastpointe, Fred DeWeese, Thomas Danbert, Childs, John Clements, D. Corsi, Genter, Jason Gibson, Kesier, Lulko, Margita, Ostroski, Rohrer, Schoen, F. Scott, and Pryzwara ("Defendants") alleging various civil rights violations arising out of encounters between Plaintiffs and City of Eastpointe police officers. Specifically, the complaint alleged violations of: 42 U.S.C. 1981 and

1

1983, the Michigan Constitution, the Michigan Elliot Larsen Civil Rights Act, the Michigan Ethnic Intimidation statute, and common law assault and battery and false imprisonment.

The Complaint alleged that on February 10, 1996, Defendant Police Officer F. Scott investigated and threatened to ticket Plaintiff Martez King for an abandoned vehicle. On April 4, 1996, Defendant Police Officer Childs and Clements stopped, patted down, and detained Plaintiffs Charlie King, Jr. and Davon King. On August 8, 1996, Defendant Gibson failed to conduct a proper investigation pertaining to ethnic intimidation, racial slurs and assaults committed against Plaintiff Charlie King, Jr. On September 30, 1996, Defendants Margita, Schoen, Genter, and Pryzwara stopped, arrested, and detained Plaintiff Charlie King, Jr. On November 12, 1996, Defendants Margita, Gibson, and Rohrer failed to properly investigate acts of ethnic intimidation, racial slurs, and harassment committed against Plaintiff Charlie King, Jr. On November 19, 1996, Defendant Gibson failed to investigate ethnic intimidation, racial harassment, slurs and assault and battery committed against Plaintiff Charlie King, Sr. and Charlie King, Jr. On February 28, 1997, Defendants Keiser and Ostrowski stopped and ticketed Martez King and Charlie King, Jr. On March 6, 1997, Defendants Lulko and Corsi failed to properly investigate alleged ethnic intimidation, racial harassment and slurs against Plaintiff Davon King and Martez King.

In preparation for trial, Defendants deposed Plaintiffs Charlie King, Sr., Charlie King, Jr., Davon King and Martez King. They also requested transcripts from the deposition of Defendants Eric Keiser, Tom Ostrowski, Neil Childs, Thomas Danbert, Wesley McAllister, Fred DeWeese, and John Clements. Mark Allen and potential expert witnesses Joseph Jager and Dr. Michael Abramsky.

On August 9, 2001, this Court granted Summary Judgment to all of the Defendants. On December 4, 2003, the Court of Appeals for the Sixth Circuit affirmed the grant of summary judgment for the City of Eastpoine and thirteen individual defendants. Yet, in light of material issues of disputed

fact, it reversed and remanded for further proceedings regarding Fourth and Fourteenth Amendment claims against Officer Neil Childs with respect to events on April 4, 1996, and Fourth Amendment claims Officer Eric Keiser arising from events on February 28, 1997. *King v. Eastpointe,* 86 Fed.Appx. 790, 2003 WL 22976567 (6th Cir.(Mich.)) After both sides had rested their cases at the trial on February 2-4, 2005, the Court entered a directed verdict for the defense on the Fourth Amendment claims from February 28, and the Fourteenth Amendment claim from April 4. A jury returned a verdict of No Cause of Action on February 8, 2005 (Dkt. # 154) with Judgment for the remaining Defendants entered on March 4, 2005, awarding costs to Defendants Childs and Keiser (Dkt. # 155 & #156).[1] No appeal has been sought. Because all claims were resolved against the Plaintiffs, Defendants are prevailing party.[2] Defendants filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) on March 14, 2005, seeking Court Reporter Fees. All but $45 in late fee claims was granted by the Clerk of the Court on March 31. On April 6, 2005, Plaintiffs filed a timely motion for review of these taxed costs.

II.    LAW

This Court reviews *de novo* the Clerk's assessment of costs. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964). The Court and the Clerk are permitted only to tax items provided in 28 U.S.C. 1920 and Fed. R. Civ. P. 54(d)(1). *Crawford Fitting Co.,* 482 U.S. at 440-41. Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorney fees shall be allowed as of course to the prevailing party unless the Court otherwise directs." This strong language creates a presumption in favor of taxation. *White and White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

---

[1] On March 28, 2005, this Court granted Plaintiffs $5,250 in attorney fees for their having to respond to a second defense motion for summary judgment on issues the Court found to be resolved by the Sixth Circuit (Dkt. # 160).

[2] The recent Sixth Circuit decision in *Bennett v. City of Eastpointe*, No. 03-2204, slip. op. (6th Cir., June 8, 2005), deals with issues similar to this case and notes that its ruling is consistent with the earlier appeal in this case.

3

Section 1920 outlines which costs are taxable, including: "(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987).  The Bill of Costs Handbook for the Eastern District of Michigan, incorporated by Local Rule 54.1, allows for "Fees of the Court Reporter for All or Any Part of the Transcript Necessarily Obtained for Use in the Case" to be taxed if:

    1.b.     Transcript ordered for appeal purposes

    1.d.     Transcript used at trial to impeach witness(es)

    1.e     Transcript used in support of a motion

The Handbook further requires that "[i]f transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion and the approximate date it was filed.  If transcript was used at trial, the date the transcript was read into the record is to be noted on the supporting documentation."

There is disagreement among courts about the appropriate meaning of "necessarily obtained." Most courts agree that a transcript used at trial would qualify.  Depositions cited in dispositive motions, such as Summary Judgment, are also normally taxable.  The Sixth Circuit has adopted an even more expansive understanding of 'necessary,' holding that "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also Soler v. McHenry,* 771 F.Supp. 252 (N.D.Ill.1991) (finding that depositions of treating physicians and the wife of the Plaintiff were allowable costs because they had a "substantial connection" to the case).  One case from the Tenth Circuit allows courts to refuse to tax costs for a deposition even if the deposition is attached to a motion if it is "irrelevant and cumulative," and not related to consideration of the facts of the case or the law. *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990).

The costs of expedited copy produced solely for convenience of counsel, or a transcript used primarily for trial preparation for discovery is not taxable. *See* Page 3 of Handbook. Expedited costs are allowed if the schedule for discovery and motions mandates it. *See Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 928-29 (7th Cir. 1998).

III.    <u>ANALYSIS</u>

The clerk granted Defendants' request for taxation of deposition of the costs for transcripts obtained for fifteen witnesses, the trial transcript, and the transcript for the hearing for Defendants' first motion for summary judgment. Plaintiffs challenge the award of costs for twelve of the witnesses and the trial transcript, as being unnecessary and therefore not taxable. Plaintiffs further object to the expedited order of the deposition transcript of Mr. Jager and Dr. Abramsky.

Plaintiffs object to the transcript costs for the depositions of Plaintiffs Charlie King Jr., Davon King, and Martez King. They argue that Defendants attached only small portions of these transcripts to motions, and thus the costs of these transcripts should be reduced by ninety percent. This understanding of prorated necessity has never been adopted by a court in this Circuit. Instead, the Bill of Costs Handbook expressly lists as taxable, "[t]ranscript used in support of motion." The Sixth Circuit conclusively dismissed a similar argument that the full costs should not be assessed for a deposition transcript "because not every page of his deposition was utilized in support of the motion for summary judgment." *Helfrich v. Metal Container Corp.,* No. 99-3315, 1999 WL 1253051 (6th Cir., Dec. 16, 1999). Moreover, these transcripts are of the depositions of primary parties to the case, and provide a significant factual background likely relied upon by the Court in its first grant of summary judgment and other judgments. *See Granberry v. Baptist Memorial*, Nos. 97-5543, 97-6135, 1998 WL 279377 at *8 (6th Cir., May 20, 1998) (holding that it was "undoubtedly reasonable" that it was necessary for the defendant to depose the plaintiff). Although Defendants further claim the deposition transcripts were used to impeach the witnesses at trial, they do not provide any dates, and thus this argument will

5

not be considered.  *See* Bill of Costs Handbook at 2 ("The taxation clerk **will deny** costs without supporting documentation . . .  If transcript was used at trial, the date the transcript was read into the record is to be noted on the supporting documentation"(emphasis in original)).  Nevertheless, the multiple motions utilizing the transcripts and the information contained within the transcripts relevant to the Court's initial grant of summary judgment show that the transcripts were reasonably necessary when obtained.

Plaintiffs argue that the transcript of the deposition of Charlie King, Sr., should not be taxed because it duplicated other information already in the record (on the authority of *Merrick*), because the court did not rely on it in granting summary judgment, and because there is no authority for taxing transcripts "used for appeal purposes."  As Defendants correctly point out, the court in *Merrick* refused the costs for deposition because the depositions were unnecessary from the onset of trial.  Plaintiffs' argument that the court did not "rely" on the transcript in granting summary judgment must also fail. *See Sutter v. General Motors, et. al.*, Nos. 02-3571, 03-3118, 2004 WL 1303231 at *3 (6th Cir.,  June 9, 2004) (writing that there is "no legal basis to support" the claim that transcripts were unnecessary because the "district court did not refer to them").  Finally, Plaintiffs' argument that the transcript cannot be ordered for appeal purposes conflicts directly with clear language in the Bill of Costs Handbook that a "[t]ranscript ordered for appeal purposes" is taxable.  While any of the above reasons would be sufficient to tax costs, the most persuasive reason is that Defendants were deposing a person who was a witness to some of the alleged incidents and a Plaintiff in the case.  *See Granberry*,1998 WL 279377.

The Clerk also taxed the transcription costs of deposition of Terrence Strong, who provided the primary evidence used by the trial court in determining that probable cause existed for the September 30, 1996, arrest.  Defendants relied on his testimony in their Summary Judgment Reply Brief regarding the incident and in their appellate brief.  The Appellate Court cited Mr. Strong's testimony in its

decision affirming summary judgment related to the September 30 arrest. The deposition of such a relevant witnesses was necessary at the time he was deposed, and proved to be necessary in defending the action.

Plaintiffs deposed Defendants Allen, Ostrowski, Clements, Danbert, McAllister, and DeWeese, but object to Defendants' taxing of the costs of obtaining the transcripts. Allen, Ostrowski and Clements are Police Officers with the City of Eastpointe that have knowledge of the incidents, being either directly involved or assigned to investigate Plaintiffs' complaints. Their transcripts were also attached to several reply briefs and motions. Certainly their knowledge was relevant, and the Court likely relied on the information contained within those transcripts when granting Defendants' first motion for summary judgment. Thus, the costs of obtaining the transcripts of the Officers' deposition should be allowed.

Danbert and DeWeese were Chiefs in the Eastpointe Police Department and McAllister was the City Manager at the time of the incidents. The information contained within these depositions was relevant to the issue of municipal liability of the City of Eastpointe. Defendants further argue that the transcripts were obtained in preparation for appeal, as allowed by the Bill of Costs Handbook. The authority of the Bill of Costs Handbook allowing for appeal preparation coupled with the relevance of the deposition to the case makes these costs taxable.

Plaintiffs intended to use Joseph Jager as an expert witness to establish that there was no probable cause for the February 28, 1997, traffic stop by recreating the situation and showing that it was impossible to see that the windshield was cracked from behind. Defendants used the transcript from this deposition in motions to strike his testimony and for summary judgment. The Court referenced Mr. Jager's deposition on the third page of its January 19, 2005, Order Granting in Part Defendant's

7

November 4, 2004, Motion to Strike Expert Testimony of Joseph Jager in Part.  The transcripts of Plaintiffs' expert witness was necessarily obtained, and is taxable.

Plaintiffs also take issue with the expedition of the transcript of Joseph Jager.  Defendants contend that it was necessary to expedite the transcript so that they could use it at the October 15, 2004, hearing on their motion for summary judgment, which was held just two weeks after the September 28, 2004, deposition.  They further point out that the reason for the delay in deposing the witness was because Plaintiffs failed to produce him until ordered to do so by this Court.  They also used the transcript in their November 8, 2004, motion to exclude a portion of this witnesses testimony.  Yet, the renewed summary judgment motion the Defendants claim they needed this expedited transcript for was an unnecessary motion that was summarily rejected by the Court in light of the law of the case established in the Sixth Circuit's opinion.  The Court even chose to award attorneys fees to the Plaintiffs for their need to respond to this motion.  Thus $426 spent to expedite delivery of the transcript was unnecessary, and will be deducted from the costs because there was no other rapidly approaching motion deadline that necessitated expedition of the transcript.  The non-expedited costs are allowed for this transcripts use in the November 8, 2004, motion to exclude Jagers' trial testimony.

Plaintiffs also intended to call Dr. Michael Abramsky, who was going to establish the psychological damages sustained by Plaintiffs.  Plaintiffs object only to Defendants' expedited delivery of Dr. Abramsky's transcript.  Defendants argue expedition was necessary because the deposition of Dr. Abramsky occurred only two weeks prior to trial.  Plaintiffs argue that they provided several earlier opportunities to depose the witness.  Defendants rejected these dates because Dr. Abramsky's second report (a court-ordered re-evaluation of the King family) was not available until the end of December.  Defendants were justified in waiting to depose Dr. Abramsky until after they received his Rule 26(a)(2)

report, and given the proximity of the trial, Defendants properly ordered the transcripts on an expedited basis. *See Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 928-29 (7th Cir. 1998).

The clerk also taxed costs for Defendants' ordering of the trial transcript. Plaintiffs object to this cost as unnecessary, and merely for the convenience of the winning party. *See* Bill of Costs Handbook at 3. Plaintiffs also argue that Defendants should have sought authorization from the district court before ordering expensive items. Defendants respond that they merely ordered transcripts of the Plaintiffs' testimony, and used the transcripts in their successful motion for a directed verdict. The use of a transcript is expressly allowed, if it is necessary and not *solely* for convenience of counsel. *See* Bill of Costs Handbook at 2-3. Defendants used the trial transcript in a motion, and only obtained certain portions dealing with Plaintiffs' testimony. The trial in this case was, as Plaintiff points out, neither complicated nor lengthy, lasting only February 2-4, 2005, and limited to relatively simple issues arising from two discrete incidents. *See Farmer*, 379 U.S. at 233-35 (upholding trial court's refusal to tax costs for ordering trial transcripts because the trial was not "complicated or extended"). Parties were not required to "submit briefs [or] proposed findings." *See id.* The Bill of Cost Handbook makes such daily or expedited transcript costs non-taxable where obtained solely for the convenience of counsel. Here there is no adequate showing this cost was obtained for more than convenience. Thus, the trial transcript will not be allowed as a taxable cost, and $929.50 will be deducted from the total costs.

IV.   RECOMMENDATION

For the aforementioned reasons IT IS RECOMMENDED that Plaintiffs' motion be GRANTED IN PART and DENIED IN PART. The Clerk is ordered to deduct $1355.50 from the costs taxed, leaving a total of $6,153.95 taxed against the Plaintiff.

The parties to this action may object to and seek review of this report and recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.. §

9

636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  June 14, 2005                         s/STEVEN D. PEPE
        Ann Arbor, Michigan                   UNITED STATES MAGISTRATE JUDGE


Certificate of Service

        I hereby certify that on June 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Ferrand, and I further certify that I mailed a copy to the following non-ECF participant: Charles Chomet.


                                s/William J. Barkholz
                                Courtroom Deputy Clerk